UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIS JAH,

                    Plaintiff,

        v.

RYLAND *et al.*,

                    Defendants.

Case No.  2:26-cv-1997-DJC-JDP (PS)

ORDER

Plaintiff brings this action against Deputy Ryland and the County of Stanislaus.  Her claims, as articulated, are not cognizable.  I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.  I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2) and deny her motion for electronic filing privileges.[1]

---

[1] Plaintiff filed a motion asking for permission to electronically file.  ECF No. 3.  As a general rule, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge."  E.D. Cal. L.R. 133(b)(2).  "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception."  E.D. Cal. L.R. 133(b)(3).  The court does not find good cause to depart from the normal filing procedure for unrepresented litigants.  The motion is therefore denied.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on May 31, 2024, she was at her family's home when Stanislaus Sheriff's deputies, including defendant Ryland, "slammed [her] onto a glass table, pulled [her] hair, and put [Ryland's] hands on [her] neck." ECF No. 1 at 4. Plaintiff states that she was not evaluated for any injuries by the officers, but that she sought medical care at urgent care the next

day. *Id.* Plaintiff states that because of the force used, she suffered pain, bruising, emotional distress, and later suffered the loss of her pregnancy. *Id.* at 5.

While plaintiff's complaint has the makings of an excessive force claim, several key factual allegations are missing, which, without, makes her claim non-cognizable. Excessive force claims are governed by an objective reasonableness standard derived from the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). To determine whether state officials used excessive force, courts balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Courts must examine the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Courts "also consider, under the totality of the circumstances, the quantum of force used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (citations omitted).

The allegations state that defendant Ryland smashed plaintiff into a glass table, pulled her hair, and grabbed her neck. *See* ECF No. 1 at 4. The complaint, however, does not include details about the circumstances that led to the interaction between defendant Ryland and plaintiff. Without sufficient context, the court is unable to ascertain whether the complaint states an excessive force claim against Ryland.

Plaintiff's claim against Stanislaus County fails, too. A municipality can be sued under § 1983 where the challenged action was implemented or executed under a policy statement, ordinance, regulation, or decision that has been adopted or promulgated by that body's officers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The first question in this analysis is whether a constitutional violation occurred. *See Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020) (noting that *Monell* claims are "contingent on a violation of constitutional rights") (internal quotation marks omitted). Then, a court looks to the legal framework on which plaintiff

bases his *Monell* claim. *Monell*, 436 U.S. at 708. Importantly, "[p]laintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022). Here, plaintiff fails to state a sufficient *Monell* claim against the County because plaintiff has not alleged a constitutional violation.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a final chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

5. Plaintiff's motion asking for electronic filing privileges, ECF No. 3, is DENIED.

IT IS SO ORDERED.


Dated:     June 24, 2026     _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE