UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS JAH,<br>Plaintiff,<br>v.<br>RYLAND, *et al.*,<br>Defendants. | Case No. 2:26-cv-1997-DJC-JDP (PS)<br><br>ORDER |

Plaintiff Isis Jah brings this action against Deputy Ryland and the County of Stanislaus. After I dismissed the complaint with leave to amend, plaintiff filed a first amended complaint. Plaintiff's excessive force claim is now cognizable, which also makes her failure-to-intervene claim cognizable. However, plaintiff has added another plaintiff—without leave of the court—and has failed to state a cognizable claim on behalf of this new plaintiff. Moreover, plaintiff's *Monell* claim and failure-to-provide-medical-care claim, as articulated, are not cognizable. Accordingly, I will dismiss the complaint and give plaintiff a final opportunity to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings four claims pursuant to 42 U.S.C. § 1983. The first is for excessive force and is brought by plaintiff and the newly added plaintiff, Angie Broughton. ECF No. 5 ¶¶ 60-67. Excessive force claims are governed by an objective reasonableness standard derived from the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). To determine whether state officials used excessive force, courts balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Courts must examine the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Courts "also consider, under the totality of the circumstances, the quantum of force used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (citations omitted).

Plaintiff states a cognizable claim for excessive force. She alleges that she was the property manager and licensed realtor for a residence located in Patterson, California that was owned by a family trust. ECF No. 5 ¶¶ 13-14. Broughton was the trustee for the residence. *Id.* ¶¶ 6, 13. It appears that Broughton is plaintiff's mother, and their relative, Danzel Cohen, had moved into the residence without permission. *See id.* ¶¶ 15, 38, 53. Plaintiff alleges that, on May 31, 2024, Cohen called police to report that plaintiff and Broughton "were at what he described as his property and falsely alleged that they were not permitted to be there." *Id.* ¶ 20.

Defendant Ryland and other deputies responded to the scene. *Id.* ¶ 22. While plaintiff was searching for paperwork to show the deputies, Ryland "informed her that she had an outstanding arrest warrant." *Id.* ¶ 27. Plaintiff alleges that she did not know about this arrest warrant, and she maintains that no such warrant existed. *Id.* ¶¶ 27-28. Ryland told plaintiff that he was going to arrest her. *Id.* ¶ 29. Ryland "then moved rapidly toward Jah, crossed the doorway threshold, and entered the residence to seize her." *Id.* ¶ 30. Plaintiff states that she "instinctively took approximately one-half step backward while remaining inside the residence. She did not run or attempt to escape." *Id.* ¶ 31. Plaintiff further alleges that Ryland did not give a clear command or opportunity to comply. *Id.* ¶ 32.

After he entered the apartment, "Ryland rushed Jah, seized and lifted her, and threw or slammed her onto a glass dining-room table." *Id.* ¶ 34. "Ryland grabbed Jah by the back of her neck, pulled off her wig, and then pulled her actual hair. Jah's head struck near the bottom of a sofa during the encounter." *Id.* ¶ 35. Plaintiff "repeatedly stated that she was pregnant," as did Broughton. *Id.* ¶ 37. The deputies arrested plaintiff, charging her with burglary, grand theft, and resisting arrest, all of which charges remain pending. *Id.* ¶ 44.

Plaintiff has added factual allegations that are sufficient to support an excessive force claim. *See Graham*, 490 U.S. at 395-97. However, the same cannot be said for Broughton. Plaintiff alleges that when Ryland forced her to the ground, Broughton "verbally warned that Jah was pregnant" and an unknown deputy "forcefully pushed her backward." ECF No. 5 ¶ 38. This allegation alone is insufficient.

Plaintiff's second claim is for failure to provide medical care in violation of the Fourth Amendment. *Id.* ¶¶ 68-73. A section 1983 claim "for inadequate medical care requires allegations that each defendant acted with deliberate indifference to the [plaintiff's] serious medical needs." *Scalia v. Cnty. of Kern*, 493 F. Supp. 3d 890, 898 (E.D. Cal. 2019) (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). Plaintiff alleges that, despite her injuries, "the deputies did not summon medical personnel or obtain a medical evaluation before taking her to jail." *Id.* ¶ 46. After plaintiff was released, she alleges that she received treatment and was "diagnosed with a cervical sprain, a thoracic sprain, and a right-knee contusion." *Id.* ¶ 48. While plaintiff may have the makings for this claim, such claim cannot, as she asserts, arise under the Fourth Amendment. *See* ECF No. 5 at 8; *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."). Accordingly, plaintiff has not pleaded a cognizable claim for failure to provide medical care.

Plaintiff's third claim is for failure to intervene. ECF No. 5 ¶¶ 74-78. The Court of Appeals has held that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *reversed on other grounds*, 518 U.S. 81 (1996). Because plaintiff has pleaded a cognizable excessive force claim, and since she alleges that other deputies were present but did not intervene, she has pleaded a cognizable claim under the Fourth Amendment for failure to intervene.

Plaintiff's final claim is against Stanislaus County for *Monell* liability. ECF No. 5 ¶¶ 79-82. Relevant here, "to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

To plead a custom or policy, plaintiff alleges that three other lawsuits were initiated between 2018 and 2023 that involved excessive force by Stanislaus County deputies. *See* ECF No. 5 ¶ 55. Under similar circumstances, courts have generally declined to find a custom or practice for purposes of *Monell*. *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22-23 (2d Cir. 2012) (holding that a plaintiff's "citation to various lawsuits involving inmate claims for the excessive use of force is not probative of the existence of an underlying policy that could be relevant here"); *Riley v. Jackson Cnty. Sheriff's Dep't*, 202 F. App'x 705, 706 (5th Cir. 2006) (holding that a plaintiff's "conclusional allegation that the [defendant] are liable because they routinely engage in and are sued for using excessive force, as evidenced by the numerous § 1983 lawsuits filed against them, is insufficient" under *Monell*); *Ivin Mood v. Cnty. of Orange*, No. 8:17-cv-0762-SVW-KK, 2019 WL 13036027, at *9 (C.D. Cal. July 25, 2019), *aff'd sub nom.*, *Mood v. Cnty. of Orange*, 830 F. App'x 923 (9th Cir. 2020) (finding that the plaintiff's "identification of another lawsuit brought by a different inmate alleging similar acts of excessive force does not amount to admissible evidence, because [the plaintiff] has not provided any further support to find that the allegations in that lawsuit are true").

Accordingly, plaintiff's complaint is dismissed. I will allow plaintiff a final chance to amend her complaint before recommending that this action be dismissed. With regard to Broughton, plaintiff may either remove any reference to Broughton as a plaintiff in this action, or add factual allegations to state a cognizable claim on behalf of Broughton. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended

complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and be filed within fourteen days of this order. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 5, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE