UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS JAH,<br>Plaintiff,<br>v.<br>RYLAND, *et al.*,<br>Defendants. | Case No. 2:26-cv-1997-DJC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Isis Jah brings this action against Deputy Ryland and the County of Stanislaus. After I dismissed the complaint with leave to amend, plaintiff filed a first amended complaint, in which she added one claim on behalf of a new plaintiff, Angie Broughton, without leave of court. Upon review of the first amended complaint, I found that some of plaintiff's claims were cognizable, some of plaintiff's claims were not cognizable, and Broughton's claim was not cognizable. Plaintiff has filed a second amended complaint. I now find that all of plaintiff's claims are cognizable, and I will direct service against defendants. However, I find that Broughton's claim is not cognizable, and I will recommend that this claim be dismissed with prejudice.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings four claims pursuant to 42 U.S.C. § 1983. The first is for excessive force and is brought by plaintiff and the recently added plaintiff, Angie Broughton. ECF No. 8 ¶¶ 70-78. Excessive force claims are governed by an objective reasonableness standard derived from the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). To determine whether state officials used excessive force, courts balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Courts must examine the

"facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Courts "also consider, under the totality of the circumstances, the quantum of force used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (citations omitted).

I previously found that plaintiff stated a cognizable claim for excessive force. ECF No. 7 at 3-4. For the reasons previously stated, I again find that plaintiff has adequately pled this claim for screening purposes. *See id*.

As for Broughton, I previously found that the sole allegation that an officer "forcefully pushed her backward" did not give rise to a cognizable excessive force claim. *See* ECF No. 7 at 4 (quoting ECF No. 5 ¶ 38). In the second amended complaint, plaintiff repeats this allegation. ECF No. 8 ¶ 38 (alleging that, after she warned the officers about plaintiff's pregnancy, an officer "charged through the doorway threshold and forcefully drove or slammed his body into Broughton, forcing her backward . . . ."). The only new allegation regarding the force on Broughton is that the officer subsequently yelled, "Don't you fucking touch me." *See id.* ¶ 39. These allegations, standing alone, are insufficient to state an excessive force claim. Plaintiff has already been afforded an opportunity to amend with notice of this pleading deficiency. Accordingly, I find that this non-cognizable claim should be dismissed with prejudice.

Plaintiff's second claim is for failure to provide medical care in violation of the Fourteenth Amendment. *Id.* ¶¶ 79-85. A section 1983 claim "for inadequate medical care requires allegations that each defendant acted with deliberate indifference to the [plaintiff's] serious medical needs." *Scalia v. Cnty. of Kern*, 493 F. Supp. 3d 890, 898 (E.D. Cal. 2019) (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).

Plaintiff alleges that, "[d]espite the impacts to [her] abdomen, head, neck, back, and knee, and despite repeated statements that she was pregnant, the deputies did not summon medical personnel or obtain a medical evaluation before taking her to jail." *Id.* ¶ 49. After plaintiff was

released, she alleges that she received treatment and was "diagnosed with a cervical sprain, a thoracic sprain, and a right-knee contusion." *Id.* ¶ 51. She also alleges that she "suffered a miscarriage" approximately one month later. *Id.* ¶ 53. For screening purposes, plaintiff has adequately pled a claim for failure to provide medical care.

Plaintiff's third claim is for failure to intervene. ECF No. 8 ¶¶ 86-90. The Court of Appeals has held that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *reversed on other grounds*, 518 U.S. 81 (1996). As I previously found, because plaintiff has pleaded a cognizable excessive force claim, and since she alleges that other deputies were present but did not intervene, she has pled a cognizable claim for failure to intervene.

Plaintiff's final claim is against Stanislaus County for *Monell* liability. ECF No. 8 ¶¶ 91-95. Relevant here, "to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Plaintiff alleges that the County of Stanislaus "failed to adequately train, supervise, investigate, enforce, and discipline deputes concerning reasonable seizure and takedown tactics, force against non-threatening persons and non-interfering family members, the restraint and treatment of known pregnant persons, medical response following force, and intervention when another deputy uses unreasonable force." ECF No. 8 ¶ 66. She further pleads that the County's "deliberately indifferent training, supervision, discipline, investigation, and enforcement failures . . . were moving forces behind the unreasonable force and related constitutional violations" she allegedly suffered. *Id.* ¶ 69. I find that plaintiff has pled a cognizable *Monell* claim for purposes of screening.

I will order that plaintiff's claims proceed, and I will recommend that Broughton's claim be dismissed with prejudice.

Accordingly, it is ORDERED that:

1. Angie Broughton's motion to proceed *in forma pauperis*, ECF No. 6, is DENIED in light of my recommendation that her sole claim be dismissed with prejudice.

2. Service is appropriate on defendants Deputy Ryland and the County of Stanislaus.

3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, two USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed August 10, 2026. ECF No. 8.

4. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

a. One completed summons;

b. One completed USM-285 form;

c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

d. One copy of the instant order.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

7. Within sixty days after receiving the necessary materials from plaintiff, the United

States Marshal is directed to serve process on defendants without prepayment of costs.

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that Angie Broughton's claim for excessive force, ECF No. 8 ¶¶ 70-78, be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE